## GOODWIN v. NELIN.

### December, 1867.

A purchaser of land, in possession under an executory contract, died, leaving his heir in possession ; and after the purchase money fell due and was unpaid, the vendor rescinded the contract, and recovered judgment in ejectment against the heir, and then conveyed the premises to the heir. *Held*, that the heir acquired complete title ; and that the land could not be reached by proceedings in the surrogate's court for its sale for payment of the debts of the deceased purchaser,

Even if the heir obtained the conveyance by fulfilling the contract of the deceased, the land cannot be reached without an offer, on the part of the administrator or the purchaser at the administrator's sale, to perform, and a tender of the amount due.

Jonathan Goodwin brought this action against Mary Nelin, to recover possession of lands. On plaintiff's death his claim passed by devise to, and the action was continued by Calvin Goodwin.

The lands in question formerly belonged to one Bristol, who contracted to sell them to Francis Hunt. Hunt took possession under the contract, and died before having paid up the purchase money. On his death, Mary Nelin, the defendant, his heir, was left in possession.

The administrator proceeded under the statute (2 *R. S.* 100, &c.), to have the decedent's interest in the lands sold for payment of his debts. Mary Nelin appeared before the surrogate in these proceedings, and a sale was ordered subject to payments to become due on the contract. Jonathan Goodwin became the purchaser at the sale. Meanwhile, however, Bristol, the vendor, had declared the contract forfeited for non-payment of the purchase money, and brought ejectment against the heir, in which he recovered judgment. The heir then obtained a conveyance from him ; and now being sued for possession, by the purchaser at the administrator's sale, set up that she had purchased of the vendor, by a new contract made after the judgment in ejectment.

The complaint alleged fraud on the part of the heir, and demanded a surrender of the contract, and possession of the land, and an accounting as to payments, rents and profits. The answer denied this fraud and charged fraud in the administrator's sale, and denied the legality of the proceedings.

On the trial the defendant put in evidence the judgment roll in the ejectment suit, to which plaintiff objected, but the the court held that it was a defense unless shown to be fraudulent. In consequence of the admission of this judgment, plaintiff's offer to prove that defendant had stated that she had paid Bristol all that was due on the contract and that Goodwin was a creditor, and that the administratrix had conveyed to him, was excluded by the court, and the court dismissed the complaint. To each of these rulings plaintiff excepted.

The findings of the judge, upon which the decision in this court was based, were in substance as follows:

That in or before the year 1850, Hunt had contracted to purchase the land in question from Bristol, for five hundred dollars, part of which was paid, and the residue was to be paid in annual installments, and a deed to be given on full payment. The contract, by its terms, was to become void on failure to pay according to its terms. Hunt took possession under it. The purchase money all became due before September 20, 1852, when two hundred dollars remained unpaid, which sum had not been paid or tendered to Bristol or any one else. Hunt died December 16, 1851, intestate, leaving defendants in possession; an administratrix was appointed in 1853, and on her application, the surrogate, on February 6, 1854, ordered her to sell Hunt's interest in the contract subject to all payments thereafter to become due. That the bond required by law before ordering a sale was given after the order and as of date of the order, but before the sale. On September 30, 1854, the sale was made to Goodwin for two hundred and fifty dollars, and confirmed October 9, 1854.

Meanwhile, however, on September 20, 1852, Bristol declared the contract void for the default in payment of purchase money, and brought ejectment against the present defendants, in which, on October 30, 1852, he recovered judgment for possession of the premises and costs.

Finally, the judge found that on June 15, 1853, Bristol sold and conveyed the lot to Mary Nelin. Whether this purchase was in fulfillment of the original contract, as alleged by plaintiff, or in pursuance of a new contract, as alleged by defendants, he did not find.

*The supreme court* held that the recovery in ejectment was a defense to this action; and dismissed the complaint. Plaintiff appealed.

*William Tiffany*, for plaintiff, appellant.—That the judgment in ejectment was not evidence against plaintiff in this action,—cited, Ryerss *v.* Rippey, 25 *Wend.* 432; Van Bokkelin *v.* Ingersoll, 5 *Id.* 315; Osgood *v.* Manhattan Co., 3 *Cow.* 612; Jackson *v.* Robinson, 4 *Wend.* 436. That were it evidence, it would not bar this suit in equity for specific performance. Leggett *v.* Edwards, *Hopk.* 530; Spencer *v.* Tobey, 22 *Barb.* 260. And receiving part payment from the heir was a waiver. Harris *v.* Troup, 8 *Paige,* 423. That the judgment should have been interposed in the surrogate's court. *L.* 1850, c. 82, § 1; Jackson *v.* Robinson, 4 *Wend.* 440; Jackson *v.* Hoffman, 9 *Cow.* 272. That the creditor had a lien, enforceable by this proceeding. *Story Eq.* 1216; Morris *v.* Mowatt, 2 *Paige,* 586; *L.* 1850, c. 82; Thompson *v.* Brown, 4 *Johns. Ch.* 619; Parsons *v.* Bowne, 7 *Paige,* 354; Butts *v.* Genung, 5 *Id.* 254. The heir could not thus use her possession to defraud the creditors. Van Horne *v.* Fonda, 5 *Johns. Ch.* 388; Burhans *v.* Van Zandt, *Clint. Dig.* 3137–8; reversing 7 *Barb.* 91; Phelan *v.* Kelley, 25 *Wend.* 389; *Roberts on Frauds,* 589. That the want of tender was no defense; it was the surrogate's duty to pay the purchase money (3 *R. S.* 200, § 86), and defendant was estopped.

*D. H. Marsh,* for defendants, respondents.

BY THE COURT.—DAVIES, Ch. J.—These exceptions [referring to those above stated] present the only question for the consideration of this court.

Upon the facts found by the court, it is very clear that the

plaintiff had no standing in court to impeach the title of the defendant, Mary Nelin, to the lot in question. He certainly had no greater rights than were possessed by his grantor, the administratrix of Francis Hunt. If it be true, as found by the court, that the contract, by its terms, had terminated, and Bristol had the right to declare it forfeited and terminated, as it is found he did, and proceeded to enforce his rights upon that basis, and did recover the possession of said premises, it is not seen why he had not a perfect right to sell the said premises to whomsoever he pleased ; and why the defendant could not purchase the same, and acquire a perfect title thereto. Upon these facts, no title or interest remained in the estate of Francis Hunt, at the time of the initiation of the proceedings in the surrogate's court, to sell his real estate or his interest in the said contract of purchase. By the terms of the contract, that interest had terminated on September 20, 1852 ; and on that day, Bristol, by the act of commencement of the action of ejectment, elected so to regard it, and on October 30, succeeding, obtained judgment in said action, and was therefore entitled to the possession of said premises. It is not pretended that said recovery was fraudulent or collusive.

On June 15, 1853, Bristol, then the owner of said premises, sold and conveyed the same to the defendant, Mary Nelin, for a valuable consideration ; and this action is in the nature of an ejectment to recover such possession. It cannot be be maintained, for the very obvious reason that the plaintiff has shown no title to the premises claimed. He cannot recover upon the weakness of the defendant's title, but upon the strength of his own. The title of the plaintiff was acquired more than a year after the defendant had received a deed for the premises in dispute from the conceded true owner thereof, and when she was in possession of said premises and holding the same, adversely to any title the plaintiff had, or could have, from the representatives of Francis Hunt. If he had survived, he could not have set up any title to said premises until he had performed, or offered to perform, said contract, on his part. This, neither the plaintiff nor those from whom he derived title had ever done. If they had any right, or had acquired any under such contract, it could not be asserted or enforced, unless it was

Goodwin *v.* Nelin.

made to appear that they, or those under whom they claim, had performed the same, or had offered to perform, on their part. They were clearly not entitled to a deed from Bristol until this was done. And as the court had found as a fact that the money due upon this contract was never paid to Bristol, or tendered to him or any one else, it is very apparent that the plaintiff, or those under whom he claims, never had or were entitled to have, a title to said premises.

If we assume that the defendant succeeded to all the duties and responsibilities imposed by the contract upon Bristol; and that the plaintiff has possessed himself of all the rights of Hunt under the contract, how then stands the plaintiff's right to maintain this action? It cannot be contended, as has already been observed, that he has any greater or other rights under the contract than Hunt would have had, if living. Before he or his assignor could have obtained title to the premises in question, by virtue of this contract, it was a prerequisite on his part that there should have been performance by him, or an offer to perform, and payment of the amount due, or tender of such payment. None of these things were done; and the court has found the fact that the moneys due upon the contract were never paid or tendered to Bristol, or to any one else. This latter branch of the finding is sufficiently comprehensive to include the defendant. We thus see that the plaintiff, and those under whom he claims, never had the title to said premises, and never were entitled, either legally or equitably, to such title.

It follows, from these views, that the court properly dismissed the complaint, and gave judgment for the defendant, and that the exception to such decision is untenable.

It is unnecessary, in this aspect of the case, to consider the exceptions taken to the admission and rejection of the testimony offered. The exclusion of that offered, and the admission of that objected to, would not have improved the plaintiff's case, and therefore, these rulings worked no injury to him. Without intimating any doubt as to the correctness of the rulings made, it is only needful to add that the decision of the case does not call for any expression of opinion in regard to them.

The judgment should be affirmed, with costs.

All the judges concurred, except HUNT, J., not voting, and BOCKES, J., who was absent.

Judgment affirmed, with costs.